IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH K. DIMATTEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-066-SLR |
| | ) |
| MR. JOHN THOMAS RAYMOND, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Deborah K. DiMatteo ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on January 21, 2015, alleging that her citizen's rights were violated as a human being and a mother. (D.I. 2) Plaintiff voluntarily dismissed the action and later sought to reopen the case. The case was reopened on August 5, 2015. (*See* D.I. 14) Since that time, plaintiff has voluntarily dismissed several defendants. (*See* D.I. 18)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether

2

dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. The complaint is not a model of clarity. Plaintiff indicates that she has appeared in court on numerous occasions, but does not indicate the reasons for her court appearances. She makes allegations of a "pedophile group" with top government officials and/or their employees" involved in the group and/or its coverup. Plaintiff states that she was kidnapped and raped in 1977 by a defendant who, along with a group of the defendants, manipulated, abused, and tortured her children by using the law to keep them trapped and victimized from 1981 until 2015. She alleges her children are brainwashing victims.

7. While not clear, it appears that, in May 2012, plaintiff went to her son's home, while New Castle County Police were present, only to see her son leave. At that time, plaintiff was told by defendant Corporal Rodrigues not to come back. In August 2012, again at her son's home, another incident took place when three New Castle County Police officers were present, and her son assumed he was coming with her.

3

8. In 2013, for reasons unexplained, Rodriguez took plaintiff to the Baylor Women's Correctional Institution. Plaintiff appeared in court in September 2013, and the presiding judge entered a no contact order. Plaintiff's son left the courtroom "wailing extremely loudly."

9. On January 7, 2014, plaintiff appeared in the New Castle County Family Court. On January 31, 2014, the Delaware Court of Common Pleas entered an order sentencing plaintiff for a violation of probation. *See DiMatteo v. State*, 89 A.3d 476 (table) (Del. 2014).[1] In September 2014, plaintiff called the Newport Police Station after hearing her "son's voice being tortured." Plaintiff was arrested on September 27, 2014, but does not indicate the reason for her arrest. She appeared in the Court of Common Pleas in November 2014, apparently on November 21, 2014, because she alleges on that date defendant Officer Edwards ("Edwards"), a New Castle County Probation and Parole officer, committed perjury when he testified that TASC[2] recommended Mental Health Court.[3] Judge Flickinger ordered a mental competency evaluation.[4]

---

[1]Plaintiff appealed directly to the Delaware Supreme Court and the appeal was dismissed for lack of jurisdiction. *See id.*

[2]The Treatment Access Center ("TASC") is a Delaware State agency that works as a liaison with both the criminal justice and treatment agency systems in order to provide drug and alcohol treatment services to offenders coming through Delaware's Superior Court Drug Court. *See* http://dhss.delaware.gov/dsamh/tasc.html (Oct. 27, 2015).

[3]Witnesses are immune from suit with respect to any claim based on the witnesses' testimony. *See McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992).

[4]Plaintiff has named a number of judicial officers as defendants, all of whom are immune from suit. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation

4

10. In June and December 2014, plaintiff spoke with Wilmington Police Department detectives. She alleges they did not investigate her complaints or conduct a proper investigation.[5] Plaintiff also complains that she had difficulties obtaining detectives' names, that she was lied to, misled, individuals would not make appointments to meet with her, and individuals would not telephone her despite representations they would.

11. The court takes judicial notice that plaintiff is on community supervision until September 2016. The court takes further judicial notice that plaintiff has three criminal cases pending and a hearing in those cases is scheduled for November 6, 2015.

12. **Pleading deficiency.** The complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. For example, the complaint does not provide adequate facts to allow the court to discern the specific events or circumstances giving rise to plaintiff's claims. Plaintiff indicates a violation of her rights as a human being and a mother, but the facts do not point to any violations. Instead, it appears that plaintiff is mired in court hearings that may or may not have something to do with visitation or custody of her children, and/or other criminal matters for which she is currently on community supervision. Having carefully reviewed plaintiff's allegations, the court finds her claims frivolous, fanciful, and without any basis in law. *See Neitzke*, 490 U.S. at 325.

---

marks omitted). The complaint does not allege the named defendant judicial officers acted outside the scope of their judicial capacities or in the absence of their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[5]Police are under no duty to further investigate unless a victim's complaint would lead a reasonable officer to be suspicious. *See e.g., Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003).

13. As a general rule, a district court should not dismiss a pro se complaint without granting leave to amend. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, *supra*. However, the court finds that granting leave to amend would be futile.

14. **Conclusion.** For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: _____11/4_____, 2015

6